IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| DARRYL K. BARNES | : | NO. 05-134 |

## MEMORANDUM

**Padova, J.**                                                                                    **July 20, 2009**

On April 19, 2006, a jury convicted Defendant Darryl Barnes of: (1) possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) (Count I); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count II); (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count III); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count IV). Defendant unsuccessfully appealed to the United States Court of Appeals for the Third Circuit. Presently before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 134.) For the following reasons, Defendant's Motion is denied.

## I.      BACKGROUND

On February 9, 2005, officers of the Philadelphia Police Department executed a search warrant for a residence located at 2625 Manton Street in Philadelphia. (N.T. 4/17/06 at 42-43; N.T. 4/18/06 at 7-8.) Inside the home were Defendant, his girlfriend, and their young son. (N.T. 4/17/06 at 45; N.T. 4/18/06 at 8-9.) During their search of the home, police discovered a safe in the basement, which they opened with a key they found in the pocket of a man's shirt in a nearby closet. (N.T. 4/17/06 at 46; N.T. 4/18/06 at 9.) Inside the safe, police discovered a loaded, nine-millimeter semiautomatic Ruger pistol, three magazines containing ammunition, a clear plastic bag containing

approximately 125 grams of powder cocaine, and $7,871 in cash. (N.T. 4/17/06 at 46; N.T. 4/18/06 at 15-17.) Defendant, who was standing just feet away when the police opened the safe, told the officers that there was more "product" upstairs that he had recently cooked. (N.T. 4/17/06 at 47.)

In the kitchen on the first floor, police found 116 grams of crack and a glass pot coated with cocaine residue. (N.T. 4/17/06 at 47, 50-52; N.T. 4/18/06 at 16.) Inside a backpack in the dining room, police found two digital scales coated with cocaine residue and numerous clear packets. (N.T. 4/17/06 at 52; N.T. 4/18/06 at 13, 16.) Police also recovered two packets of crack from behind a television in the living room, as well as a packet of crack from the living room sofa where Defendant was sitting when police entered the home. (N.T. 4/17/06 at 44, 52; N.T. 4/18/06 at 15-17.)

A jury trial commenced on April 17, 2009. At the close of the Government's case in chief, Defendant moved for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, but we reserved a decision on the motion. (N.T. 4/18/06 at 52-54.) On April 19, 2006, the jury convicted Defendant on all counts. On April 25, 2006, Defendant renewed his motion for judgment of acquittal under Rule 29; he also moved for a new trial pursuant to Federal Rule of Criminal Procedure 33. We denied both motions on May 22, 2006.

On October 26, 2006, we sentenced Defendant to, inter alia, 25 years of imprisonment, consisting of a 20-year statutory minimum term on Count I, a consecutive five-year statutory minimum term on Count III, and lesser concurrent terms on Counts II and IV. Defendant appealed to the Third Circuit on November 3, 2006, which denied the appeal on January 30, 2008. Defendant timely filed the instant Motion on April 3, 2009.

## II.    LEGAL STANDARD

Defendant has moved for relief pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Because "[s]ection 2255 does not provide habeas petitioners with a panacea for all alleged trial or sentencing errors," United States v. Rishell, Civ. A. Nos. 97-294-1, 01-486, 2002 WL 4638, at *1 (E.D. Pa. Dec. 21, 2001) (citation omitted), the petitioner's claimed errors of law must be constitutional, jurisdictional, "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure."  Hill v. United States, 368 U.S. 424, 428 (1962).

## III.   DISCUSSION

Defendant asserts three grounds for § 2255 relief, all premised on the alleged ineffective assistance provided by trial counsel.  Specifically, Defendant argues that trial counsel provided ineffective assistance by: (1) failing to specifically challenge the sufficiency of certain evidence at his Rule 29 hearing; (2) failing to object to certain jury instructions and the Court's summary of certain record evidence during the jury charge; and (3) failing to advocate a novel reading of a pertinent sentencing statute at his sentencing hearing.

"'Sixth Amendment claims of ineffective assistance of counsel are governed by Strickland v. Washington, [466 U.S. 668 (1984)] . . . .'" Siehl v. Grace, 561 F.3d 189, 195 (3d Cir. 2009) (quoting Taylor v. Horn, 504 F.3d 416, 430 (3d Cir. 2007)).  "According to Strickland, a court deciding an ineffectiveness claim must 'determine whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent

assistance.'" Id. (quoting Strickland, 466 U.S. at 690).  Moreover, "a petitioner must . . . show that counsel's deficient performance prejudiced the defense," which requires that he demonstrate "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Id. (quoting Taylor, 504 F.3d at 430).  "A 'reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  Kindler v. Horn, 542 F.3d 70, 84 (3d Cir. 2008) (quoting Strickland, 466 U.S. at 694).  However, "there is no reason for [the] court . . . to approach the inquiry in [a particular] order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."  Strickland, 466 U.S. at 697.

A.     Rule 29 Proceedings

Defendant first contends that trial counsel provided ineffective assistance during the Rule 29 hearing because counsel "failed to articulate the lack of evidence connecting the firearm to the drug trafficking offense."  (Mot. at 7.)  This argument fails, however, as there was ample evidence supporting Defendant's conviction for violating 18 U.S.C. § 924(c).

Section 924(c) makes it unlawful to, inter alia, possess a firearm in furtherance of a drug trafficking crime.  18 U.S.C. § 924(c)(1)(A).  Because the statute requires that the defendant possess the firearm in furtherance of the predicate drug crime, the government must prove more than "the 'mere presence' of a gun . . . ."  United States v. Sparrow, 371 F.3d 851, 853 (3d Cir. 2004).  Rather, the government must adduce "'evidence more specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense.'"  Id. (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414 (5th Cir. 2000)).  Since we have already determined that Defendant constructively possessed the firearm and drugs at issue in this case, see United States v. Barnes, Crim. No. 05-134, slip op. at 3, 4-5 (E.D. Pa. May 18, 2006), we need only determine

whether there was sufficient evidence linking his possession of the firearm to his drug crimes.

The Third Circuit has identified a non-exhaustive list of relevant factors to consider when determining whether a defendant possessed a firearm in furtherance of a drug trafficking crime, which includes:

> [1] the type of drug activity that is being conducted, [2] accessibility of the firearm, [3] the type of the weapon, [4] whether the weapon is stolen, [5] the status of the possession (legitimate or illegal), [6] whether the gun is loaded, [7] proximity to drugs or drug profits, and [8] the time and circumstances under which the gun is found.

Sparrow, 371 F.3d at 853 (quoting Ceballos-Torres, 218 F.3d at 414-15).  When reviewing a challenge to the sufficiency of the evidence, we must "examine the 'totality of the evidence, both direct and circumstantial,' and must credit 'all available inferences in favor of the government.'" Sparrow, 371 F.3d at 852 (quoting United States v. Gambone, 314 F.3d 163, 170 (3d Cir. 2003)).

In this case, Defendant illegally possessed the firearm, in violation of 18 U.S.C. § 922(g) (Count IV), because he was a convicted felon at the time he possessed it.  Moreover, police found the loaded gun in the basement of Defendant's home, along with 125 grams of cocaine powder and nearly $8,000 in cash, in a safe they opened with a key found in a man's shirt nearby.  Elsewhere in the home, police found a glass pot and scales coated in cocaine residue, as well as crack that appeared to have been recently cooked and which Defendant admitted to cooking.  In addition, the Government's expert testified that weapons are typically used in drug trafficking crimes "to protect [drugs] from other dealers, to protect the property, to protect the money and protect . . . his area where he is . . . specifically . . . dealing."  (N.T. 4/18/06 at 45.)  Crediting all available inferences in favor of the government, we find that there was sufficient evidence in the record from which the jury could reasonably find that Defendant possessed the firearm in furtherance of his drug trafficking

offenses. <u>Accord</u> <u>United States v. Iglesias</u>, 535 F.3d 150, 157 (3d Cir. 2008) (evidence sufficient where a loaded firearm was found in a briefcase in the defendant's office along with bags identical to those found containing drugs in the defendant's apartment and car); <u>Sparrow</u>, 371 F.3d at 854 (evidence sufficient where police found a loaded firearm "strategically located" under floor tiles with several large bags of marijuana and $140 in cash, even though the gun was not immediately accessible).

Consequently, trial counsel's alleged failure to specifically challenge the sufficiency of the evidence connecting the firearm to Defendant's drug trafficking crimes did not affect the outcome of the proceeding. Defendant has therefore failed to satisfy <u>Strickland</u>'s "prejudice" prong, and we reject his claim on that basis.[1]

B.    <u>Jury Charge</u>

Defendant next argues that trial counsel was ineffective for failing to object to: (1) the allegedly ambiguous jury instructions given regarding the "in furtherance of" element of § 924(c); and (2) the Court's allegedly prejudicial summary of the evidence relating to that element. We reject Defendant's argument, as we find that both our instructions and our summary of the evidence were proper.

First, with respect to the jury instructions, the Third Circuit has determined that a proper §

---

[1]Defendant also asserts that counsel provided ineffective assistance by failing to preserve this issue for appeal. In order for trial counsel's failure to preserve an issue for appeal to constitute ineffective assistance, the defendant must show that he likely "would have obtained relief on his direct appeal if he had preserved the . . . issue . . . ." <u>Gov't of V.I. v. Forte</u>, 865 F.2d 59, 64 (3d Cir. 1989); <u>see also</u> <u>United States v. Mannino</u>, 212 F.3d 835, 844 (3d Cir. 2000) ("The test for prejudice under <u>Strickland</u> is not whether petitioners would likely prevail upon remand, but whether we would have likely reversed and ordered a remand had the issue been raised on direct appeal." (citations omitted)). Because we find that any alleged dereliction by trial counsel did not affect the outcome of the Rule 29 proceeding, this argument also fails.

924(c) instruction "unambiguously requires the jury to find a nexus between [the defendant's] possession of a firearm and the charged drug [crime]." United States v. Williams, 464 F.3d 443, 447 (3d Cir. 2006). In this case, we instructed the jury that the Government had to prove beyond a reasonable doubt that

> the defendant knowingly possessed a firearm in furtherance of the crime charged in either or both of counts one and two. . . . [I]n furtherance means possession that furthers or advances or helps forward the drug trafficking offense. . . . [T]he government does not have to prove that the defendant fired the weapon or brandished the weapon or even displayed the weapon or otherwise actively carried or used the firearm. . . .

(N.T. 4/18/06 at 170-71.) We further instructed the jury that

> to possess in furtherance of a drug trafficking [crime], again means that the firearm helped advance or promote the commission of the crime. . . . [T]he mere possession of a firearm . . . at the scene of a crime is not, in and of itself, sufficient. The firearm must have played some part in furthering the crime in order for this element to be satisfied.[2]

(Id. at 172.) These instructions unambiguously required the jury to find a nexus between Defendant's possession of the firearm and his drug offenses.[3] Consequently, trial counsel did not provide ineffective assistance, as counsel cannot be ineffective for failing to pursue meritless claims

---

[2]Accord 3d Cir. Model Crim. Jury Instructions § 6.18.924A-1 ("Possession 'in furtherance of' means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of (name of crime). Mere presence of a firearm at the scene is not enough to find possession in furtherance of a (crime of violence) (drug trafficking crime). The firearm's presence may be coincidental or entirely unrelated to the underlying crime. . . .").

[3]Defendant also argues that our instructions were confusing because the jury asked to be re-charged on this element during their deliberations. (See N.T. 4/18/06 at 184.) Defendant is mistaken. Although the jury asked to be recharged on this element, we determined that the jury's confusion resulted not from an otherwise improper jury instruction but from an incorrect verdict form that was sent out with them (incorrect because it was written in terms of carrying a firearm rather than possessing in furtherance of another crime). (See N.T. 4/19/06 at 3.) We provided the jury with the correct verdict form, and then re-instructed them with respect to possession in furtherance. (See id. at 6.)

or objections.  United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).  Moreover, we find that

the given instructions did not result in prejudice to Defendant, i.e., an unlawful conviction.

> We also reject Defendant's claim that the Court improperly summarized the evidence.  "A

federal judge is permitted to summarize and comment upon the evidence. . . .  The court's comments,

however, may not confuse or mislead the jury, or become so one-sided as to assume an advocate's

position."  Am. Home Assurance Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 327 (3d Cir.

1985).  A judge violates this rule by referring to evidence that is not in the record.  See, e.g., id. at

326-27.  Nevertheless, even if a judge's comments confuse or mislead the jury, any resulting error

may be cured by instructing the jury that "only its decision counts and that it does not 'have to be

influenced' by anything [the judge] thinks or says."  Hughes v. Consol.-Pa. Coal Co., 945 F.2d 594,

617 (3d Cir. 1991); see also United States v. Thayer, 201 F.3d 214, 224 (3d Cir. 1999) (finding no

prejudicial error where the court accurately described the record evidence in response to a juror's

question "while reminding the jurors that their recollection, and not the court's, controlled").

> During the jury charge, we told the jury: "It's your recollection that controls, but there was

testimony by the expert and maybe by one of the police officers with respect to the use of firearms

in drug trafficking.  But all of that is . . . up to you."  (N.T. 4/18/06 at 172; see also N.T. 4/19/06 at

6-7 ("[T]here was evidence both from the expert detective and from one or more of the policemen

with respect to the part, if any, firearms can play in . . . drug trafficking. . . . [It] is entirely up to you

with – that evidence.  It's your recollection that controls, not mine, and the reliability and credibility

of that evidence is entirely for you to determine."))  Our summary of the evidence accurately

described the testimony in the record: Sergeant Thomas Meehan, who was one of the officers

involved in the search of Defendant's home, testified that "[u]sually where there's narcotics . . .

there's weapons" (N.T. 4/18/06 at 8), and the Government's expert witness, Detective Charles Meissler, testified about the relationship between guns and drug trafficking.  (Id. at 45.)  Moreover, any confusion that our summary may have caused was addressed by our contemporaneous curative instructions that the jury's recollection controlled and that they were to determine the weight and credibility to give the evidence.   (See id. at 172; N.T. 4/19/06 at 6-7.)  Thus, our summary of the evidence was proper, and trial counsel cannot be deemed to be ineffective for failing to make a frivolous objection.  See Sanders, 165 F.3d at 253.  Defendant has therefore failed to establish that trial counsel's performance during the jury charge was deficient, and we reject his claim on that basis.

      C.    <u>Sentencing</u>

      Defendant's final claim is that trial counsel provided ineffective assistance by failing to assert a novel reading of the sentencing provision of § 924(c) that would have prevented the imposition of a mandatory consecutive five-year sentence for his § 924(c) violation.  Specifically, Defendant contends that counsel should have argued that § 924(c)(1)(A)'s mandatory five-year sentence did not apply because Defendant was already subject to a greater, 20-year sentence for his drug offense pursuant to 21 U.S.C. §§ 841(a) and (b)(1)(A).  Defendant relies exclusively on the Second Circuit's reasoning in <u>United States v. Whitley</u>, 529 F.3d 150 (2d Cir. 2008), which was decided almost 20 months after Defendant was sentenced.  Defendant's argument lacks merit.

      Defendant relies on prefatory language in § 924(c)(1)(A), which states that the mandatory terms of imprisonment imposed by § 924(c)(1)(A) do not apply "to the extent that a greater minimum sentence is otherwise provided *by this subsection or by any other provision of law* . . . ." 18 U.S.C. § 924(c)(1)(A) (emphasis added).  In <u>Whitley</u>, the Second Circuit applied a literal reading

of § 924(c)(1)(A) to find that the defendant could not receive an additional 10-year consecutive sentence for discharging a firearm because he was already subject to a greater, 15-year sentence for possessing that same firearm in violation of § 924(e) (punishing the possession of a firearm by a felon with three prior violent felony convictions).  In so holding, the Second Circuit admittedly "precipitate[d] a circuit split," breaking from the Fourth, Fifth, Sixth, and Eighth Circuits.[4]  Whitley, 529 F.3d at 156.  The Third Circuit has yet to rule on this issue.  See United States v. Lopez, C.A. No. 08-4670, 2009 WL 1362982, at *1 n.1 (3d Cir. May 18, 2009) (per curiam) (expressing no opinion on the circuit split created by the Second Circuit's decision in Whitley).

Here, the gravamen of Defendant's claim is that, in light of Defendant's 20-year sentence for the § 841(a)(1) conviction, counsel should have advanced the reasoning of Whitley to avoid the imposition of an additional five-year term of imprisonment under § 924(c)(1)(A).  Even assuming that Whitley applies to the circumstances of this case, however, Whitley had not been decided at the time of Defendant's sentencing, and authority on this issue that was available when we sentenced Defendant in 2006 did not favor the result he now advocates.  As the prevailing law supported our imposition of a consecutive five-year term for Defendant's § 924(c)(1)(A) violation in spite of his 20-year sentence for the underlying drug conviction, and because counsel has no duty to predict a change in the law,[5] see United States v. Davies, 394 F.3d 183, 190-91 (3d Cir. 2005), trial counsel

---

[4]These other courts have rejected a reading of § 924(c)'s savings provision that would effectively "eliminat[e] mandatory consecutive sentences where another provision imposes a higher mandatory minimum sentence for conduct *other than that described in § 924(c)*."  United States v. Studifin, 240 F.3d 415, 423-24 (4th Cir. 2001) (emphasis added); accord United States v. Collins, 205 F. App'x 196, 198 (5th Cir. 2006); United States v. Jolivette, 257 F.3d 581, 587 (6th Cir. 2001); United States v. Alaniz, 235 F.3d 386, 389 (8th Cir. 2000).

[5]Since Whitley was decided, however, several Courts of Appeals have either entirely rejected the reasoning of Whitley, see United States v. Easter, 553 F.3d 519, 526-27 (7th Cir. 2009), or

was not ineffective for failing to assert a novel reading of § 924(c)(1)(A).  Consequently, we reject

Defendant's claim.

## IV.    CONCLUSION

For the foregoing reasons, we find that Defendant has failed to establish that any of trial

counsel's alleged errors either fell outside the wide range of professionally competent assistance or

affected the result of the proceedings.   Thus, Defendant has failed to establish that his Sixth

Amendment right to counsel was violated and, because he asserts only that his right to counsel was

violated, has failed to establish his entitlement to § 2255 relief.   Accordingly, Defendant's Motion

is denied.   An appropriate Order follows.

BY THE COURT:


  /s/ John R. Padova
John R. Padova, J.

---

declined to extend the Second Circuit's reasoning to cases where application of § 924(c) "would
[not] have imposed a *further* . . . sentence for the discharge of the *same gun* in the same [underlying
crime]."   United States v. Parker, 549 F.3d 5, 11 (1st Cir. 2008); see also id. (observing that
Congress may have "wished to avoid a double increment for the same firearm" under § 924(c) and
noting that "double counting was threatened" in Whitley).